IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 25-cv-02460-GPG-STV

TODD ROWELL, in his individual capacity,
MATTHEW KING, in his individual capacity, and
CURTIS BRAMMER, in his individual capacity,

      Plaintiffs,

v.

PHILIP J. WEISER, in his official capacity, Attorney General for the State of Colorado, and
JARED POLIS, in his official capacity, Governor for the State of Colorado,

      Defendants.

---

**ORDER**

---

Before the Court is a Motion to Dismiss by Attorney General Philip Weiser and Governor

Jared Polis (D. 18).  The Court GRANTS the motion for the following reasons.

## I.  FACTS

This civil action arises from three statutes passed by the Colorado Legislature limiting state

and local law enforcement cooperation with federal immigration enforcement.[1]  The challenged

statutes, known collectively as "Article 74," apply to individuals acting in the service of a political

subdivision while in their employment capacity (D. 1 at ¶¶ 1, 22).

The first challenged statute, C.R.S § 24-74-103, prohibits:

> [D]isclos[ing] or mak[ing] accessible, including through a database or automated
> network, personal identifying information that is not publicly available information
> for the purpose of investigating for, participating in, cooperating with, or assisting

---

[1] The Court draws the operative facts as set forth in the Complaint for Declaratory and Injunctive Relief (D. 1).

in federal immigration enforcement . . . except as required by federal or state law or as required to comply with a court-issued subpoena, warrant, or order.

C.R.S § 24-74-103(1).

The second challenged statute, C.R.S. § 24-74-104, prohibits:

[I]nquir[ing] into, or request[ing] information or documents to ascertain, a person's immigration status for the purpose of identifying if the person has complied with federal immigration laws . . . except as required by state or federal law, or as necessary to perform state agency duties . . .

C.R.S. § 24-74-104(1).

The third challenged statute, C.R.S. § 24-74-107, provides that any political subdivision employee who "intentionally violates a provision" of Article 74 is "subject to an injunction and is liable for a civil penalty of not more than fifty thousand dollars for each violation."  C.R.S § 24-74-107(1).

Plaintiffs—the Sheriff, Undersheriff, and a Captain of the Mesa County Sheriff's Office—challenge Article 74 on the grounds that it is void for vagueness under both the United States and Colorado Constitutions (D. 1 at ¶¶ 7–9).  Plaintiffs also challenge the statutes as violating the Supremacy Clause of the United States Constitution, but the Parties agree to dismiss that claim without prejudice pending appeal in *United States v. Colorado,* No. 26-214 (10th Cir.) (D. 29). Defendants move to dismiss all of Plaintiffs' claims, arguing that Plaintiffs lack standing, the claims are not ripe, and the laws are not vague (D. 18).

## II.  LEGAL STANDARD

Because federal courts are courts of limited jurisdiction, a court, sua sponte, or a party may challenge subject matter jurisdiction at any stage of the proceedings.  *See Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982).  Under Rule 12(b)(1), a party may

seek dismissal for lack of subject matter jurisdiction in two forms: (1) facial attack or (2) factual challenge.  For the first, the moving party may "facially attack the complaint's allegations as to the existence of subject matter jurisdiction." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004).  When reviewing a facial attack, courts accept the allegations in the complaint as true.  *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015) (citation omitted).  For a factual attack, a party may go beyond the complaint's allegations by presenting evidence challenging the factual basis "upon which subject matter jurisdiction rests." *Nudell*, 363 F.3d at 1074 (citation omitted).  When reviewing a factual challenge, courts cannot "presume the truthfulness of the complaint's factual allegations," and may consider documents outside the complaint without converting the motion to dismiss into a motion for summary judgment. *Pueblo of Jemez*, 790 F.3d at 1148 n.4.  In this instance, the party invoking jurisdiction bears the burden of establishing subject matter jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo.

2004).  A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge[ the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  In assessing a claim's plausibility, legal conclusions contained in the complaint are not entitled to the assumption of truth.  *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).  The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III.  ANALYSIS

Plaintiffs lack Article III standing to bring a pre-enforcement challenge to Article 74. Standing under Article III is a threshold issue that must be addressed before the putative plaintiff can litigate their claims in federal court.  *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 475–76 (1982).  To establish Article III standing, a plaintiff must allege that:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

> *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81

(2000).

Plaintiffs here have not made the requisite showing of an injury in fact.  "To prove injury in fact for purposes of pre-enforcement standing, a plaintiff must show an intention to engage in a

4

course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Scott v. Allen*, 153 F.4th 1088, 1094 (10th Cir. 2025) (internal quotations and citation omitted). A plaintiff "need not show that his intended conduct *actually* violates the law, just that it *arguably* does."[2] *Id.* at 1096.

Plaintiffs do not state or indicate anywhere in the complaint that they have an intention or even a desire to engage in conduct proscribed by Article 74—i.e. to intentionally gather or share PII for federal civil immigration purposes. Instead, Plaintiffs express concern that they will face penalties for sharing PII for *non*-immigration, purely law enforcement purposes where the information shared is then used by others for federal immigration enforcement purposes (*see* D. 1 at ¶¶ 30, 33, 58–61). Plaintiffs assert that "it is unclear whether there is liability for a political subdivision employee who discloses information for purposes unrelated to federal immigration enforcement, but the information is later used for such purposes by federal immigration enforcement officials" (*id.* at ¶ 32). They repeatedly discuss fear of prosecution for disclosing information "to a federal agent for one purpose, for example drug enforcement," while knowing that the federal agent will then use that information for immigration enforcement as well (*see id.* at ¶¶ 30, 33).

---

[2] While the Court's task at the motion to dismiss stage is limited to determining the sufficiency of the complaint and does not include analyzing the merits of the claims presented, this test appears to necessarily involve at least some surface-level interpretation of Article 74's text. As the Court's analysis is limited for the purpose of determining standing and Defendants moved to dismiss under both Rule 12(b)(1) and 12(b)(6), there is no need to convert the present motion to one for summary judgment. *See Paper, Allied-Indus., Chem. And Energy Workers Int'l Union v. Cont'l Carbon Co.,* 428 F.3d 1285, 1292 (10th Cir. 2005) ("[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case" (citation omitted)).

Article 74 simply does not arguably contemplate or allow for enforcement against sharing information for non-immigration related purposes. It only applies to ***intentional*** sharing of information for federal immigration purposes, and the text unambiguously attaches liability to the intention of the individual sharing information, not the individual or entity receiving information. *See* C.R.S. § 24-74-103(1) ("A . . . *political subdivision employee* shall not disclose or make accessible . . . personal identifying information . . . *for the purpose of . . .*" (emphasis added)); C.R.S. § 24-74-104(1) ("A . . . *political subdivision employee* shall not inquire into . . . a person's immigration status *for the purpose of . . .*" (emphasis added)); C.R.S. § 24-74-107(1) ("A . . . *political subdivision employee* who *intentionally . . .*" (emphasis added)). Furthermore, Article 74 explicitly permits and protects sharing of information for law enforcement purposes:

> Article 74 shall not interfere with criminal investigations or proceedings that are authorized by judicial process or to restrict a state agency employee or political subdivision employee from fully investigating, participating in, cooperating with, or assisting federal law enforcement agencies in criminal investigations.

C.R.S. § 24-74-103(2). Therefore, Plaintiffs' intended sharing of information for law enforcement purposes, even while knowing that such information could be used for immigration purposes anyway, is not arguably proscribed by Article 74. This ruling does not in any way bear on whether the text of Article 74 is vague, only that Article 74 clearly does not encompass Plaintiffs' intended conduct.[3]

---

[3] The Court respects that Plaintiffs' wish to ensure they understand, both for individual reasons and on behalf of the agencies they head or work for, the current bounds of the law vis-à-vis how they can and should work and communicate with other agencies—particularly federal law enforcement. This is not an uncomplicated situation due to the overlapping nature of federal agencies. The notion that state law enforcement could provide information to a federal agency that is permitted for one purpose and verboten for another is not far-fetched. And, like with many statutes to some extent, the public, which includes other law enforcement, relies on prosecutorial discretion to allay the concern that remedies will not be pursued beyond the clear language of that statute. Here, the statutory scheme and attendant safe harbor provisions are entirely hinged on the intent and purpose of the state law enforcement official providing the information and not what is done with the information received by a federal agency. Plaintiffs only

6

If Plaintiffs had provided any indication that relevant third parties, such as a professional association or state agency, believe that their intended conduct would violate Article 74, that would be strong evidence that Plaintiffs' conduct is arguably proscribed by Article 74. *See Scott,* 153 F.4th at 1097 (plaintiff's conduct was arguably proscribed because at least one professional association took disciplinary action against him based on its belief that his conduct violated the statute); *Voter Reference Found., LLC v. Torrez*, 160 F.4th 1068, 1078 (10th Cir. 2025) (plaintiff's conduct was arguably proscribed because the Secretary of State sent criminal referral letter to the Attorney General and FBI indicating that plaintiff's conduct violated the statute); *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 162 (2014) (plaintiff's conduct was arguably proscribed because an Ohio Election Commission panel already found probable cause to believe that plaintiff violated the statute). Or, Plaintiffs could have stated an intent to share information for *both* law enforcement and immigration purposes. Plaintiffs repeatedly express concern about prosecution in such a circumstance but never indicate an intention to share information for immigration purposes at all.

If "one to whose conduct a statute clearly applies may not successfully challenge it for vagueness," *Parker v. Levy*, 417 U.S. 733, 756 (1974), then neither may one to whose conduct a statute clearly *does not* apply. Article 74 clearly does not apply to Plaintiffs' intended conduct. As a result, Plaintiffs do not assert an injury in fact, and they lack standing. *See United States v. Hawkins,* 512 F. App'x 746, 748 (10th Cir. 2013) (finding that plaintiff lacked standing because his conduct fell squarely within the text of the statute).

---

intend to share information for permissible law enforcement purposes and disclaim any precluded purpose and thus do not have standing as their intended conduct is not proscribed by Article 74.

7

## IV.  CONCLUSION

Accordingly, Motion to Dismiss by Attorney General Philip Weiser and Governor Jared Polis (D. 18) is GRANTED.  It is FURTHER ORDERED that Plaintiffs' Supremacy Clause claim is dismissed pursuant to the Parties' stipulation at D. 29, and the Clerk of the Court shall close this case.

DATED July 17, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge